UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. **2:10-cr-00003-JCM-PAL** |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CHRISTOPHER J. BIGGERS, | |
| Defendant(s). | |

Presently before the court is defendant David Ray Newman's motion for early termination of supervision, pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 156). The government opposes this motion. (ECF No. 157). Probation has no opinion on the present motion. (ECF No. 156). Mr. Newman has filed a reply to the government's opposition. (ECF No. 163).

On March 16, 2010, defendant pled guilty to one count of bank robbery. (ECF Nos. 13, 34). On July 20, 2010, defendant was sentenced to 70 months of imprisonment, which was ordered to run concurrently with case 2:09-cr-0426-JCM-PAL, and three years of supervised release. (ECF Nos. 70, 74).

Mr. Newman was released from custody on July 20, 2014, to a halfway house and then later was subject to home confinement. (ECF No. 156). Defendant began his supervised release term in January 2015. (*Id.*).

Defendant avers that he has been productive while confined. (*Id.*). Specifically, he indicates that he earned his GED and completed various programs, such as the 12-hour Drug Education Program and the OSHA Training course. (*Id.*).

Defendant further indicates that, upon his release, he has taken strides to build structure in his life, securing employment with Highway Striping & Signs, LLC. (*Id.*). Moreover, he asserts

**James C. Mahan**
**U.S. District Judge**

that he is current on his child support, has paid his restitution, "has never received any violation modifications or petitions while on supervision," and is focused on his sobriety. (*Id.* at 4). In short, Mr. Newman states that "there are no additional or necessary services that Probation can provide to him. [He] has successfully reintegrated back into the community." (*Id.*).

However, the government argues that, while it approves of Mr. Newman's efforts, his circumstances do not warrant early termination of supervised release. (ECF No. 157) (citing *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014)).

In support of this position, the government discusses defendant's behavior while on pretrial release. (*Id.*). Specifically, the government references defendant's failure to appear for a drug test, failure to live with his parents, and his participation in a separate bank robbery. (*Id.*). Ultimately, the government argues that the best interests of justice suggest that this court impose the full length of supervision the court previously considered necessary for defendant's reentry into society. (*Id.*) (citing *United States v. McComb*, No. 3:11-CR-00050-RCJ, 2014 WL 4636034, at *1 (D. Nev. Sept. 16, 2014)).

More recently, the government has filed a notice that Mr. Newman "has not paid his outstanding forfeiture money judgments in the amounts of $1,152 and $3,950 for a total of $5,102 to the United States." (ECF No. 158 at 1). Defendant's reply indicates some confusion as to what entity was to receive payment for his financial obligations and that he has actually overpaid his restitution and special penalty assessment balances by $851.18. (ECF No. 163). Mr. Newman argues that outstanding financial penalties should not prevent the court from granting his requested relief. (*Id.*).

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Although mitigated by the passage of time, the history of the defendant and the circumstances of the relevant offense weigh against granting the motion because defendant

**James C. Mahan**
**U.S. District Judge**

- 2 -

accomplished two bank robberies, and one of those robberies occurred while defendant was on pretrial release. 18 U.S.C. § 3553(a)(1); *see also* (ECF No. 157).

Society's interest in sentences that deter criminal conduct also weighs against an early termination of supervised release, despite Mr. Newman's recent positive progress. *See* 18 U.S.C. § 3553(a)(2)(B). However, the consideration of whether supervision would "protect the public from further crimes of the defendant" appears minimally persuasive in this case. *See* 18 U.S.C. § 3553(a)(2)(C).

Next, although it appears that Mr. Newman actually overpaid his restitution balance (ECF No. 163), the government has indicated that Mr. Newman is subject to unsatisfied forfeiture money judgments. (ECF No. 158); *see also* 18 U.S.C. § 3553(a)(7).

Most noteworthy here is defendant's intention to maintain his sobriety. *See* (ECF No. 156). The court applauds Mr. Newman's efforts to improve his life. Yet the court believes that supervised release, although inconvenient, will aid Mr. Newman's achievement of that goal. *See* 18 U.S.C. § 3553(a)(2)(D). Furthermore, denial of the motion will not promote inconsistent or unnecessary terms of sentence. *See* 18 U.S.C. § 3553(a)(4)–(6).

In sum, the court, considering 18 U.S.C. § 3583(e), will not grant defendant's motion. Mr. Newman has made considerable progress and should be commended, but supervised release will assist defendant as he moves forward.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for early termination of supervised release (ECF No. 156) be, and the same hereby is, DENIED.

DATED May 9, 2017.

                                                                                  */s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE